```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE EASTERN DISTRICT OF PENNSYLVANIA


JEFFREY THOMPSON              :        CIVIL ACTION
                              :
     v.                       :
                              :
RICHARD SOUTHERS, et al.      :        NO. 12-123
```

ORDER

AND NOW, this 25th day of October, 2012, upon consideration of petitioner Jeffrey Thompson's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (docket entry # 1), Thompson's motion for discovery (docket entry # 7), United States Magistrate Judge Elizabeth T. Hey's Report and Recommendation (docket entry # 8), to which Thompson filed objections (docket entry # 10), and the Court finding that:

(a)  On October 3, 2006, Judge Anthony A. Sarcione of the Chester County Court of Common Pleas conducted a plea hearing at which Thompson pled guilty to the second degree murder, 18 Pa. Cons. Stat. § 2502(b), and robbery, 18 Pa. Cons. Stat. § 3701(a)(1)(i), of sixteen-year old Gregory Paschall, Junior on February 12, 2005;

(b)  As to the second degree murder charge and its predicate robbery charge, the parties agreed as to the necessary elements of these offenses, Oct. 3, 2006 Tr. 27:14-29, 31:4-32:19, 43:5-47:4;

      (c)  At the plea hearing, the Commonwealth offered to prove the following at trial:

> This incident occurred in the early morning hours of February 12th, 2005 at 14 Railroad Street in Phoenixville, Chester County, Pennsylvania.  On that date, Jeffrey Thompson caused the death of Gregory Paschall, whose date of birth was February 13, 1988, while Thompson was engaged in the perpetration of a felony, that being a robbery.  And the robbery statute is inflicting serious bodily injury in the course of committing a theft.
> Thompson caused Gregory's death by striking him in the head at least twice with a metal bar approximately four feet long, resulting in fatal head trauma to Gregory's head.  Thompson then took approximately $100 from Gregory's pocket.
> Dr. Ian C. Hood, a forensic pathologist, determined the cause and manner of death to a reasonable degree of medical certainty.  Thompson did confess to these acts in a statement to police.

id. 86:1-24;

      (d)  Judge Sarcione then asked Thompson if he heard, agreed, and admitted to the facts as stated by the district attorney and Thompson replied, "Yes, I do", id. 87:1-5;

      (e)  Thompson also expressed his understanding that "by admitting those facts and pleading guilty . . . [he was] saying, Judge, you can treat me as having committed the crime of second degree murder, felony murder that is the subject of this plea agreement", id. 87:6-12;

(f)   Judge Sarcione's colloquy leaves no doubt that Thompson knowingly and voluntarily entered into his guilty plea, id. 21:12-15,24:11-20,58:17-62:9, 111:5-112:14;

(g)   Indeed, at the same proceeding, Thompson himself read a statement in open court wherein he admitted: "I killed Gregory Paschall, Junior", 113:6-7; see also id. 113:22-23 ("I took your son's life"); id. 114:4-7 ("I'm sorry I took the life of your G.  I'm sorry.  I'm sorry, I killed your boyfriend G.");

(h)   Now, several years later, Thompson has changed his tune and filed a petition for habeas corpus relief under section 2254 alleging, among other things, that his plea was coerced;

(i)   The case was referred to Judge Hey for a Report and Recommendation (the "R&R");

(j)   After thoroughly reviewing the parties' submissions and the record in this matter, Judge Hey's R&R reasons that Thompson's federal habeas corpus petition is untimely under 28 U.S.C. § 2244(d) because he had until November 2, 2007 to file his petition but did not do so until January 3, 2012, R&R 5-6;

(k)   The R&R concludes that the federal petition should be dismissed as untimely because there is no applicable statutory

or equitable tolling that saves Thompson's untimely federal petition from pre-merits-determination dismissal[1];

(1)  In his objections,[2] Thompson: (1) challenges the constitutionality of AEDPA's timelines for filing habeas corpus petitions, § 2244(d)[3]; (2) reiterates his contention that "[t]he

---

[1] The R&R focuses on whether Thompson's habeas corpus petition is time barred by AEDPA's one-year limitations period and not whether his claims are procedurally defaulted such that a federal court cannot reach the merits of these claims because of federalism concerns. Judge Hey's R&R acknowledges that whether a petition is "time barred" under section 2244(d) is a distinct inquiry from whether a claim was "procedurally defaulted" in the state system. See Holland v. Florida, 130 S. Ct. 2549, 2563 (2010) (explaining that the procedural default inquiry is an issue of federalism that "ask[s] whether federal courts may excuse a petitioner's failure to comply with a state court's procedural rules, notwithstanding the state court's determination that its own rules had been violated. Equitable tolling, by contrast, asks whether federal courts may excuse a petitioner's failure to comply with federal timing rules, an inquiry that does not implicate a state court's interpretation of state law"); Pace v. DiGuglielmo, 544 U.S. 408, 414 (2005) ("When a postconviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)." (alterations and quotation marks in original)); Merritt v. Blaine, 326 F.3d 157, 161 (3d Cir. 2003); Carpenter v. Vaughn, 296 F.3d 138, 146 (3d Cir. 2002). This distinction appears to be lost on Thompson here.

[2] We review de novo only those objected-to portions of the R&R.  28 U.S.C. § 636(b)(1); Loc. R. Civ. P. 72.1 IV(b); see Rule 8(b) of the Rules Governing Section 2254 Cases in the United States Courts; Medina v. Diguglielmo, 461 F.3d 417, 426 (3d Cir. 2006); see also Notice to Thompson attached to the R&R.

[3] Judge Hey's R&R does not address this issue. Thompson, however, did not waive this argument before Judge Hey
(continued...)

significant aspect [of his petition] is the claim of Thompson's actual innocence and the miscarriage of justice", Objections 1; (3) asserts that we should not deny his motion for discovery; and (4) contends that Jackson v. Virginia, 443 U.S. 307 (1979), governs the "actual innocence" inquiry here, not Schlup v. Delo, 513 U.S. 298, 327 (1995);

    (m)  Turning first to Thompson's constitutional objections, he asserts that "[t]he Constitution enumerates no timelines for the filing of a Habeas petition" and "[b]y this Court following [Congress's] unconstitutional constraints [as enacted in AEDPA,] Thompson is denied an opportunity of any attempt" to pursue habeas corpus relief, Objections 4 (emphasis added);

---

[3] (...continued)
because his reply to Respondents' response asserted the argument that "an Article III Court must follow its constitutional mandate of its enumerated power and review the issues presented on their merit and not default an unconstitutional statute, 28 U.S.C. §§§2244(d), 2254(d)(1) and (2).  These statutes have exceeded Congressional authority."  Reply 2 ¶ 4; see also Section 2254 Memorandum 7-9; Objections 4-5.

(n)  Liberally construing Thompson's pro se petition and objections, we view his constitutional claim as arising under the Suspension Clause,[4] see Objections 4-5;

(o)  To the extent Thompson raises a facial challenge to the constitutionality of AEDPA's one-year statute of limitations, the Third Circuit has not addressed whether AEDPA's one-year limitations period withstands a facial challenge under the Suspension Clause, see Cadmus v. United States, 356 F. App'x 559, 560 (3d Cir. 2009); United States v. Bendolph, 409 F.3d 155, 167 n.18 (3d Cir. 2005);

(p)  Those courts of appeals that have addressed this issue have uniformly rejected it[5];

---

[4] Other courts have addressed the constitutionality of AEDPA under the Ex Post Facto Clause. See, e.g., Rashid v. Khulmann, 991 F. Supp. 254, 261 (S.D.N.Y. 1998) (Sotomayor, D. Ct. J.).  Even if Thompson sought to assert a constitutional challenge to the limitations period under this constitutional provision, it would fail here since the events relevant to Thompson's crime and plea postdate AEDPA's 1996 enactment.

If Thompson is arguing that § 2244(d)(1) violates his due process or equal protection rights, these arguments would fail because they merely "repackage" the facial and as applied Suspension Clause arguments that we reject. Accord Drach v. Bruce, 305 F. App'x 514, 518 (10th Cir. 2008); Vanzant v. Diguglielmo, No. 08-5111, 2009 WL 6667923, at *14 n.20 (E.D. Pa. Nov. 20, 2009) (Hey, Mag. J.), report and recommendation approved and adopted by, 2010 WL 2813414 (July 14, 2010) (Dalzell, J.).

[5] See, e.g., Delaney v. Matesanz, 264 F.3d 7, 11-12
(continued...)

(q)   The Suspension Clause of the United States Constitution, Art. I, § 9, cl. 2, provides that "[t]he Privilege of the Writ of Habeas Corpus shall not be suspended, unless when in Cases of Rebellion or Invasion the public Safety may require it";

(r)   The Supreme Court in Swain v. Pressley, 430 U.S. 372, 382 (1977), held that "the substitution of a collateral remedy which is neither inadequate nor ineffective to test the legality of a person's detention does not constitute a suspension of the writ of habeas corpus";

(s)   Persuaded by the reasoning of those courts of appeals that have reached this issue, we hold that AEDPA's one-year limitations period affords petitioners "some reasonable opportunity to have their [habeas corpus] claims heard on the merits," thus "the limitations period does not render the [§ 2254] remedy 'inadequate or ineffective to test the legality of detention,' and therefore does not per se constitute an

---

[5] (...continued)
(1st Cir. 2001); Wyzykowski v. Department of Corrections, 226 F.3d 1213, 1217 (11th Cir. 2000); Green v. White, 223 F.3d 1001, 1003-04 (9th Cir. 2000); Lucidore v. New York State Div. of Parole, 209 F.3d 107, 113 (2d Cir. 2000); Turner v. Johnson, 177 F.3d 390, 392 (5th Cir. 1999); Miller v. Marr, 141 F.3d 976, 977 (10th Cir. 1998).

unconstitutional suspension of the writ of habeas corpus", see Lucidore, 209 F.3d at 114; cf. Felker v. Turpin, 518 U.S. 651, 664 (1996) (holding AEDPA's restrictions on successive petitions "do not amount to a 'suspension' of the writ" and "judgments about the proper scope of the writ are normally for Congress to make" (internal quotation marks omitted));

      (t)  And if Thompson is bringing an as applied challenge to AEDPA's one-year statute of limitations, his argument fails because he does not demonstrate "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing" to thus entitle him to equitable tolling in this case, see Holland v. Florida, 130 S. Ct. 2549, 2560, 2562 (2010) (holding that § 2244(d) is subject to equitable tolling in appropriate cases) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005), for the two-pronged equitable tolling standard)); see Tinker v. Moore, 255 F.3d 1331, 1334 (11th Cir. 2001) (pre-dating Holland but holding that "the availability of equitable tolling . . . ensures that § 2244's limitation is constitutionally applied" (emphasis added) (internal quotation marks and citations omitted)); accord R&R 7-8 (explaining in an unobjected-to portion of the R&R that Thompson fails to proffer any reason for the four year delay in filing his

federal habeas corpus petition and thus he fails the diligence prong)[6];

  (u) Turning to Thompson's intertwined "actual innocence" and "miscarriage of justice" argument, as an initial matter we need not address Thompson's "miscarriage of justice" argument because it relies on the standard federal courts must use in determining whether to excuse procedural default;

  (v) As we have said, our inquiry here is focused on whether Thompson's claims are time barred under AEDPA's one-year statute of limitations, see note one, supra;

  (w) The procedural default "miscarriage of justice" standard has no place in our analysis of whether there is any statutory tolling[7] or equitable tolling[8] under the facts here;

---

[6] Since Thompson does not object to the R&R's general statutory or equitable tolling reasoning, we need not engage in de novo review of these portions of the R&R. We do review de novo the R&R's equitable tolling reasoning to the extent that it addresses actual innocence. See paragraphs (x)-(ff), infra.

[7] See Pace, 544 U.S. at 414 ("When a postconviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)." (alterations and quotation marks in original)); accord Williams v. Birkett, 670 F.3d 729, 736 (6th Cir. 2012) ("Because Williams's second post-conviction motion was denied under [state procedural law], and thus was not "properly filed" under § 2244(d)(2), his successive motion did not toll AEDPA's one-year time limitation. Therefore, Williams's habeas petition was untimely, unless equitably tolled.");

(continued...)

(x)  Turning, then, to Thompson's "actual innocence" claim, the R&R assumes for sake of argument that there is an actual innocence exception to the time bar[9] and reasons that Thompson does not satisfy the "new evidence"-based standard adopted in Schlup v. Delo, 513 U.S. 298, 327 (1995) ("The . . . standard requires the habeas petitioner to show that 'a constitutional violation has probably resulted in the conviction of one who is actually innocent.'  To establish the requisite probability, the petitioner must show that it is more likely than not that no reasonable juror would have convicted him in the light

---

[7] (...continued)
Brunsilius v. Brill, 303 F. App'x 610, 612 (10th Cir. 2008) ("both of Mr. Brunsilius's 2001 and 2007 state post-conviction motions were denied on the basis of procedural default, disqualifying them from the tolling exception because neither qualified as a 'properly filed application'").

[8] See Holland, 130 S. Ct. at 2562.  Indeed, Thompson's procedural default in the state system and long delay in filing his petition in federal court foreclose any claim that Thompson was "pursuing his rights diligently" in this tribunal.  See paragraph (t); see also paragraph (qq) (explaining that "insufficient evidence" is a distinct inquiry from "actual innocence", consequently "insufficient evidence" alone does not constitute another equitable tolling exception).

[9] See Parham v. Klem, No. 11-2590, 2012 WL 4040285, at *3 (3d Cir. Sept. 14, 2012) ("If we were to hold that a gateway claim of actual innocence can equitably toll the statute of limitations (which we expressly decline to do in this case) . . . .").

of the <u>new evidence</u>." (emphasis added)); <u>see</u> <u>Sistrunk v. Rozum</u>, 674 F.3d 181, 191 (3d Cir. 2012) ("Proving actual innocence based on new evidence requires the petitioner to demonstrate (1) new evidence (2) that is reliable and (3) so probative of innocence that no reasonable juror would have convicted the petitioner. <u>Schlup</u>, 513 U.S. at 324, 327, 115 S.Ct. 851; <u>see also</u> <u>House v. Bell</u>, 547 U.S. 518, 536–537, 126 S. Ct. 2064, 165 L. Ed. 2d 1 (2006). All three <u>Schlup</u> factors are necessary for Sistrunk to prevail. <u>See</u> <u>House</u>, 547 U.S. at 536–537, 126 S.Ct. 2064. He fails each. First, as discussed, Sistrunk's evidence is not 'new.'"); <u>see also</u> R&R 13 ("Petitioner has not pointed to any new evidence to contradict his repeated admissions at the guilty plea hearing, and certainly no evidence from which a court could conclude that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt.");

  (y) "'[A]ctual innocence' [under <u>Schlup</u>] means factual innocence, not mere legal insufficiency", <u>Bousley v. United States</u>, 523 U.S. 614, 623-24 (1998), and "[i]n cases [like Thompson's] where the Government has forgone more serious charges in the course of plea bargaining, petitioner's showing of actual innocence must also extend to those charges", <u>id.</u> at 624;

11

(z)  By Thompson's own admission, his "actual innocence" claim is not predicated on the existence of "new evidence", see Objections 3 ("The R & R addresses the actual innocence under Schlup.  However, since matter deals with existing evidence, and not new; it should be reviewed in light of Jackson v. Virginia, 443 U.S. 307 [(1979)]");

(aa) Thus, his "actual innocence" claim fails on this basis alone, see Sistrunk, 674 F.3d at 191;

(bb) Moreover, Thompson does not specifically identify any evidence -- new or old -- that is "so probative of [his] innocence that no reasonable juror would have convicted the petitioner", id.;

(cc) At this very late date, his claims of "actual innocence" merely challenge the alleged "legal insufficiency" of the Commonwealth's case against him at the time he pled guilty[10];

---

[10] Thompson's petition asserts four grounds he claims warrant habeas corpus relief: (1) the Court of Common Pleas's failure to rule on the suppression of his statement; (2) the voluntariness of his plea; (3) the Commonwealth's insufficient evidence to support the plea; and (4) miscarriage of justice (a catchall ground for relief that incorporates the first three).

12

(dd) Thompson fails to point to any new, real (or hypothetical[11]) evidence that proves his innocence as a factual matter on the second degree murder and the other "more serious charges [abandoned by the Commonwealth] in the course of plea bargaining" with him,[12] Bousley, 523 U.S. 624;

(ee) Thompson fails to cross the Schlup threshold, see Bousley, 523 U.S. at 623-24;

(ff) Since Thompson cannot demonstrate his innocence under Schlup, equitable tolling (even if available on this basis) would not apply here[13];

---

[11] For examples of the hypothetical evidence Thompson seeks, see paragraph (jj).

[12] Thompson's memorandum conclusorily asserts that "the evidence [offered by the Commonwealth] to support the plea would have given a jury reasonable doubt on a First Degree Murder charge and therefore supports the Petitioner's planned argument for imperfect self-defense."  Section 2254 memorandum 3-4. Thompson attacks the sufficiency of the Commonwealth's evidence behind the more severe charge that it ultimately dropped after entry of the plea agreement.  This sufficiency-of-old-evidence argument as to the more serious charge that the Commonwealth abandoned is inadequate under Schlup.  See Bousley, 523 U.S. 624

[13] Our position is fortified by the plea hearing record that unequivocally shows that Thompson knowingly and voluntarily pled guilty, agreed to the Government's factual proffer, and repeatedly admitted to having killed Gregory Paschall, Junior.

(gg) Since the R&R's federal petition untimeliness recommendation survives Thompson's objections, we will accept and adopt the R&R in light of our reasoning here;

(hh) We are thus barred from reaching the merits of Thompson's § 2254 petition;

(ii) Thompson's two remaining objections do not alter our analysis;

(jj) Thompson's third objection claims that his actual innocence and miscarriage of justice arguments "could have been evaluated, more closely, by this Court had the Motion for Discovery been permitted.  This Motion sought documentation from the public defenders office or the district attorney's office relative to the records on this coerced guilty plea", Objections 2-3; Discovery Mot. 1 ("seek[ing] correspondence, and other documents, relative to his being forced to take a guilty plea rather than go to trial as planned");

(kk) Rule 6(a) of the Rules Governing Section 2254 Proceedings for the United States District Courts provides, in pertinent part, that "[a] judge may, for good cause, authorize a party to conduct discovery";

(ll) The Supreme Court has held that "'where specific allegations before the court show reason to believe that the

petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief, it is the duty of the court to provide the necessary facilities and procedures for an adequate inquiry'", Bracy v. Gramley, 520 U.S. 899, 908-09 (1997) (quoting Harris v. Nelson, 394 U.S. 286, 300 (1969));

(mm) Though the Supreme Court held that there was "good cause" to warrant section 2254 habeas corpus discovery in Bracy, the Court went to great lengths to note that the petitioner there "support[ed] his discovery request by pointing not only to [uncontroverted evidence of judicial misconduct] in other cases, but also to additional evidence . . . that lends support to his claim that [the judge] was actually biased in petitioner's own case", id. at 909 (emphasis added);

(nn) In sharp contrast to Bracy, Thompson's motion for discovery is (1) supported by mere speculation and he offers no evidence that lends support to his claim that his plea agreement was coerced, and (2) even if the sought-after evidence was produced, it could not alter our equitable tolling analysis and save Thompson's untimely petition;

(oo) As noted above, Thompson's sought-after discovery would not help to establish his "factual innocence" under Schlup because, though a "coerced guilty plea" would be an affront to the

15

legal sufficiency of the proceedings against him, it has no bearing on the question of his factual innocence of second degree murder and robbery and, in turn, it would not alter our holding that there should be no equitable tolling;

  (pp) Thompson has failed to specifically allege <u>any</u> facts that give us any reason to believe that he may be able to demonstrate his actual innocence so as to trigger any equitable tolling to save his otherwise untimely petition and, consequently, his discovery motion will be denied, <u>cf.</u> <u>United States v. Padilla-Castro</u>, 426 F. App'x 60, 63-64 (3d Cir. 2011) (holding that no evidentiary hearing was required where the record conclusively showed that section 2255 petitioner "did not lack necessary information" to understand his plea agreement such that "[t]here is no indication that coercion or other factors rendered his answers in the plea colloquy unreliable");

  (qq) As to Thompson's fourth objection, Judge Hey's R&R implicitly (and quite properly) ignores Thompson's "insufficiency of the evidence" argument under <u>Jackson v. Virginia</u>, 443 U.S. 307, 324 (1979), because analysis of this issue would impermissibly go to the merits of an untimely <u>habeas</u> <u>corpus</u> petition, <u>cf.</u> <u>United States v. Gieswein</u>, No. 11-6218, 2012 WL 3798035, at *2 n.2 (10th Cir. Sept. 4, 2012) ("challenge to the legal sufficiency of the

16

trial evidence . . . does not inherently translate to an affirmative claim of actual innocence. See House v. Bell, 547 U.S. 518, 538 (2006) (noting 'actual-innocence standard is by no means equivalent to the standard . . . which governs claims of insufficient evidence' (internal quotation marks omitted); see also, e.g., United States v. Ratigan, 351 F.3d 957, 963-65 (9th Cir. 2003) (noting challenge to sufficiency of trial evidence did not constitute actual-innocence claim to obviate procedural default); Awon v. United States, 308 F.3d 133, 143 (1st Cir. 2002) (same)"); and

    (rr) For the reasons given here, Thompson has failed to make a substantial showing of the denial of a constitutional right and we will not issue a certificate of appealability, 28 U.S.C. § 2253(c); see Slack v. McDaniel, 529 U.S. 473, 478 (2000) ("When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling" (emphasis added)); see also Loc. App. R. 22.2;

It is hereby ORDERED that:

1. Thompson's Objections are OVERRULED and the Report and Recommendation (docket entry # 8) is APPROVED and ADOPTED;

2. Thompson's motion for discovery (docket entry # 7) is DENIED;

3. Thompson's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (docket entry # 1) is DENIED;

4. Thompson having failed to make a substantial showing of the denial of a constitutional right, we DECLINE to issue a certificate of appealability; and

5. The Clerk of Court shall CLOSE this case statistically.

BY THE COURT:


/s/ Stewart Dalzell, J.